UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. HANEY,

                Plaintiff,

v.

5TH EASTERN DISTRICT
POLICE DEPARTMENT, et al.,

                Defendants.

_____/

CASE NO. 12-cv-14684

HONORABLE GEORGE CARAM STEEH

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND REQUIRING PLAINTIFF TO PROVIDE DEFENDANTS' NAMES**

This is a prisoner civil rights action. Plaintiff David M. Haney is a Michigan state prisoner, currently incarcerated in the Oaks Correctional Facility, Manistee, Michigan. He was convicted of armed robbery and carjacking, and was sentenced in April, 2010 as a fourth habitual offender to concurrent terms of 246 to 492 months imprisonment for each offense.[1] He complains that his federal civil rights were violated when he was not given medically prescribed insulin for five days in November, 2009. For the reasons stated below, the complaint will be dismissed as to some defendants. The plaintiff will also be required to identify the John Doe defendants and provide service copies in order that the complaint may be served upon them.

_____

[1]The Court takes judicial notice of the facts related to plaintiff's convictions and sentences available on the Michigan Department of Corrections Offender Tracking Information System (OTIS): http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=209628. The Court also takes notice of the facts contained in the Michigan Court of Appeals decision in plaintiff's criminal case, *People v. Haney*, No. 297750, 2011 WL 4424415 (Mich. App. Sept. 22, 2011).

**FACTS**

The complaint arises from events that took place in November 2009, and appear to arise from his arrest on the convictions for which plaintiff is presently incarcerated.  Plaintiff names as defendants the 5th Eastern District Police Department; John Doe (1), a captain at the 5th Eastern District Police Department; Lieutenant Greenleaf; Sergeant Diana Pessina; Sergeant J. Foster; Sergeant Johnell White; Sergeant C. Rogers; Investigator Jeffrey Jones; Investigator J. Fisher; Officer Errol Franklin; Officer Demereal Mercer; John Doe (2), a booking officer at the 5th Eastern District Police Department; and John Doe (3), also a booking officer at the 5th Eastern District Police Department.  He sues all the individual defendants in both their personal and professional capacities.

Plaintiff alleges that, on November 23, 2009, he was seized on the sidewalk off Glenwood & Reno street in Detroit, Michigan, by defendants Franklin and Mercer and transported to the 5th Eastern District Police Department.  At 9:30 p.m, he was processed by Lieutenant Greenleaf, Sergeant Diana Pessina and Sergeant J. Foster.  Franklin and Mercer told Greenleaf, Pessina and Foster that plaintiff required medical attention because he was experiencing chest pains related to a shoulder injury and was diabetic.  Greenleaf, Pessina and Foster authorized Franklin and Mercer to take plaintiff to the Detroit Receiving Hospital.

Plaintiff arrived at the Detroit Receiving Hospital and was examined by Dr. Alvan Cruz in the presence of Franklin and Mercer.  Cruz told Franklin and Mercer that plaintiff was a diabetic and required insulin injections.  Plaintiff's Vasotec prescription was refilled.  Plaintiff was fed and given a dose of 30 units of Novolin N.  Dr. Cruz told the officers that plaintiff needed to be returned to the hospital in 12 to 18 hours for "repeat blood sugar," and that plaintiff required 40 units of Novolin

N before eating in the morning and 20 units of Novolin N at night. Franklin and Mercer repeated Dr. Cruz's instructions to Greenleaf, Pessina, and Foster when they returned plaintiff to the police station.

Plaintiff then came into contact with Sergeant Jonell White, Investigator J. Fisher, Investigator Jeffrey Jones, and Sergeant C. Rogers. Plaintiff was required to participate in a lineup on November 24, 2009 at 12:25 a.m. The complainant did not identify plaintiff in the lineup, but identified two other men. Nonetheless, plaintiff continued to be detained "for further investigative purposes against [his] will." Plaintiff advised White, Fisher, Jones and Rogers that he was diabetic and needed to be taken to the Detroit Receiving Hospital twice a day for insulin injections.

John Doe (2) and John Doe (3) delivered meal trays to the plaintiff. Plaintiff told John Doe (2) that he needed to be taken to the Detroit Receiving Hospital for his daily insulin injections before eating; John Doe (2) told plaintiff that he would have to talk with Sergeant White and Investigator Jones before he could get released to the hospital. From November 24 through November 28, 2009, Plaintiff continued to tell John Doe (2) and John Doe (3) that he required medical insulin injections, but throughout that time plaintiff was never taken to the Detroit Receiving Hospital and did not receive insulin injections. As a direct result, plaintiff suffered cold and hot sweats, dizziness, ketoacidosia, unconsciousness, and permanent nerve damage.

Plaintiff alleges that John Doe (1), Captain of the 5th Eastern District Police Department, had the authority and responsibility to implement written procedures on how diabetic pretrial detainees were to be treated, but took no action to ensure that pretrial detainees received required insulin injections.

Plaintiff asserts that John Doe (1) failed to ensure that employees were properly trained to provide adequate medical care to diabetics. Plaintiff asserts that Franklin and Mercer were deliberately indifferent to his medical needs by taking him to the police station when he was first arrested, rather than immediately to the Detroit Receiving Hospital. Plaintiff asserts that Greenleaf, Pessina, Foster, White, Fisher, Jones, Rogers, and John Doe (2) and (3) intentionally withheld his insulin treatments and refused to take him to the Detroit Receiving Hospital for insulin shots between November 24, 2009 and November 28, 2009, in deliberate indifference to his serious medical needs. Plaintiff also asserts that Franklin and Mercer conspired with the other named defendants to detain him in the 5th Eastern District Police Department in the knowledge that the facility could not accommodate plaintiff's medical needs.

Plaintiff seeks mental and emotional damages from all named defendants, along with $5,000,000 in punitive damages. Plaintiff also seeks an injunction prohibiting defendants from detaining anyone at the 5th Eastern District Police Department until defendants implement written procedures on how pretrial detainees will receive medically prescribed insulin injections and how pretrial detainees can resolve complaints about not receiving such injections.

## ANALYSIS

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

-4-

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that plaintiff's complaint is subject to dismissal because it fails to state a claim for relief as to certain defendants and certain claims.

Under the Eighth Amendment to the U.S. Constitution, prison officials must provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Due Process Clause of the Fourteenth Amendment operates to guarantee the same protections to pretrial detainees. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Estelle*, 429 U.S. at 104. The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has an objective and subjective component. *Miller*, 408 F.3d at 812. The objective component requires an inmate to show that the alleged deprivation is sufficiently serious, and poses a substantial risk of serious harm. *Id.* The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind in denying medical care." *Id.* at 813 (quoting *Farmer*, 511 U.S. at 834) (additional citation omitted). "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a

finding of deliberate indifference.'" *Id.* (quoting *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

Under this standard, the complaint must be dismissed as to defendants Greenleaf, Pessina, Foster, White, Rogers, Jones, Fisher, Franklin and Mercer because the facts in the complaint do not give rise to any inference that these defendants were aware that plaintiff was not receiving his prescribed insulin. Absent facts showing awareness on the part of these defendants, at most they failed to check up on plaintiff and ensure that he was receiving his prescribed insulin. A complaint that a public employee has been negligent in treating a medical condition of a prisoner or pretrial detainee does not state a valid claim of deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Thus, a claim of deliberate indifference to serious medical needs must be supported by more than mere negligence.

The complaint must also be dismissed as to the 5th Eastern District Police Department. The police department is not an entity that is subject to suit. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Laise v. City of Utica*, 970 F.Supp. 605, 607 (E.D. Mich. 1997) (dismissing claim against Utica Police Department because it is not an entity capable of being sued).

Plaintiff's conspiracy claims against Franklin and Mercer must also be dismissed. The complaint asserts without factual elaboration that Franklin and Mercer conspired with the other named defendants to deprive plaintiff of his federal constitutional rights. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under §1983."

*Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff's conspiracy claims are conclusory and therefore fail to state a claim under §1983.

Lastly, these defendants must be dismissed because they cannot be held liable for alleged misconduct by other defendants.  A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  Plaintiff has not done so with regard to these defendants.  Any claim that these defendants failed to properly supervise another employee, should be vicariously liable for another employee's actions or inaction, and/or did not properly respond to the situation is insufficient to state a claim under §1983.

The claims against defendants 5th Eastern District Police Department, Greenleaf, Pessina, Foster, White, Rogers, Jones, Fisher, Franklin and Mercer lack an arguable basis in law, and the Court has no discretion in permitting the plaintiff to amend his complaint to avoid a *sua sponte* dismissal. *McGore v. Wrigglesworth*, 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e) (2) when filed, the district court should *sua sponte* dismiss the complaint." *Id*.  These claims will be dismissed.

Liberally construed, plaintiff's allegations that defendants John Doe (1), John Doe (2), and John Doe (3) were deliberately indifferent to his serious medical need for insulin would state a claim upon which relief could be granted.  The complaint alleges that he told John Doe (2) and John Doe (3) that he needed to receive insulin twice a day and that he was not getting his insulin.

-7-

Furthermore, plaintiff alleges that defendant John Doe (1) was responsible for ensuring that the officers under his command supplied detainees with necessary insulin but failed to promulgate written policies to ensure that diabetic detainees received prescribed insulin. These allegations are sufficient to avoid summary dismissal. *Cf. Taylor*, 69 F.3d at 81 (allegations that supervisor abandoned specific duties of his position resulting in injury to plaintiff states legally sufficient claim for relief).

Plaintiff, however, has failed to adequately identify defendants John Doe (1), John Doe (2) or John Doe (3). An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D.Mass. 1994). When a plaintiff is proceeding *in forma pauperis*, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore*, 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c) (2); 28 U.S.C. § 1915(d). Although courts generally do not favor use of "John/Jane Doe" to identify defendants, where the identity of a party is unknown prior to the filing of a complaint, courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. *See Yates v. Young,* 772 F.2d 909 (Table), 1985 WL 13614, *2 (6th Cir. Aug. 28, 1985)(citing *Schiff v. Kennedy,* 691 F.2d 196 (4th Cir. 1982)). Accordingly, the Court will order plaintiff to provide the name, address, and identity of "John Doe (1)," "John Doe (2)," and "John Doe (3)," so that service can be effected upon them.

-8-

Plaintiff has also not provided sufficient copies for service to be made upon the remaining defendants. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano*, 846 F.Supp. at 1048. When a plaintiff is proceeding *in forma pauperis*, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams*, 10 F. App'x at 24301); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. §1915(d). The plaintiff, however, is responsible for furnishing the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1).

The Court will also dismiss plaintiff's request for injunctive relief. A plaintiff's standing to seek injunctive or declaratory relief depends on the likelihood of future harm. *Gratz v. Bollinger*, 539 U.S. 244, 284 (2003). In order to satisfy the threshold requirements of Article III of the United States Constitution, plaintiff must demonstrate a threat of injury "both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Plaintiff will be incarcerated for the next twenty years even if he were to serve only his minimum sentence, and therefore he is unlikely to be injured in the near future by the conduct of the Detroit police with regard to diabetics. Since plaintiff does not have a live grievance himself with respect to injunctive relief, he cannot purport to represent others. *See Golden v. Zwickler*, 394 U.S. 103, 109-10 (1969) (where plaintiff could not establish standing to

seek declaratory relief on behalf of himself, he cannot seek relief on behalf of others that might be affected).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** as to defendants 5th Eastern District Police Department, Greenleaf, Pessina, Foster, White, Rogers, Jones, Fisher, Franklin and Mercer pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claim for injunctive relief is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff will provide the Court with the names of John Doe (2) and John Doe (3) within forty-five (45) days of the date of this order and three (3) additional copies of the complaint and attachments so that service may be effectuated. The Court shall provide plaintiff with one copy of the complaint and attachments to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with this order may result in dismissal of the complaint.

The Court further **DIRECTS** that the complaint, as it pertains to defendants "John Doe (1)," "John Doe (2)," and "John Doe (3)," and a copy of this order, be served upon defendants "John Doe (1)," "John Doe (2)," and "John Doe (3)," once they are properly identified by plaintiff, by the United States Marshal without prepayment of costs.

**SO ORDERED.**

Dated: November 5, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
on David Haney #209628, Oaks Correctional Facility,
1500 Caberfae Highway, Manistee, MI 49660, on
November 5, 2012, by electronic and/or ordinary mail.


s/Barbara Radke
Deputy Clerk