UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. HANEY,

    Plaintiff,

vs.

    Case No. 12-14684

    HON. GEORGE CARAM STEEH

5TH EASTERN DISTRICT
POLICE DEPARTMENT, et al.,

    Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 7];
DISMISSING THREE JOHN DOE DEFENDANTS WITHOUT PREJUDICE;
DISMISSING THE COMPLAINT; AND DENYING AS MOOT
<u>PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [DOC. 8]</u>

    Plaintiff brings the present motion pursuant to Fed. R. Civ. P. 59(e), seeking to alter or amend the order granting partial summary dismissal of the named defendants, and requiring plaintiff to provide the names of the unnamed defendants. Rule 59 provides for a motion to alter or amend a judgment, and no judgment has entered in this case as of yet. The relief sought by plaintiff is in the form of a motion for reconsideration, which is how the court will construe plaintiff's motion. The Local Rules of the Eastern District of Michigan provide that a party may seek reconsideration of an order or judgment where there has been a palpable defect by which the court has been misled. L.R. 7.1(h). Such a motion for reconsideration must be filed within 14 days after entry of the judgment or order.

The order from which plaintiff seeks reconsideration was filed on November 5, 2012, so the deadline for filing a timely motion for reconsideration was November 19, 2012. Even applying the prisoner mailbox rule, plaintiff's motion filed on December 3, 2012 was untimely. See *Vandiver v. Correctional Medical Services, Inc.*, 2006 WL 2516902, *1 (E.D. Mich. 2006) (citations omitted) (discussion of prisoner mailbox rule).

Beyond the fact that plaintiff's motion for reconsideration is untimely, the motion itself does not identify a palpable defect by which the court has been misled. Plaintiff fails to show that the court erred in finding that the complaint, as filed, failed to state a plausible claim for relief against any of the dismissed defendants.

Plaintiff attaches several documents to his motion and sets forth several statements from some of the dismissed defendants that he asserts, when added to his complaint, states a plausible claim against those defendants. To the extent that plaintiff is seeking to amend the complaint, this court is without power to permit such an amendment. If a complaint falls within the requirements of 28 U.S.C. § 1915(e)(2) when it is filed, a district court should *sua sponte* dismiss the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Moreover, under the Prison Litigation Reform Act, a district court has no discretion to amend a complaint to avoid a *sua sponte* dismissal. *Id.*; see also *Cantley v. Armstrong*, 391 F. App'x 505, 507 (6th Cir. 2010) ("district courts are not to permit plaintiffs to amend a complaint to avoid dismissal") (*quoting Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). Accordingly, the court will not permit plaintiff to amend his pleadings to avoid *sua sponte* dismissal of his complaint.

The November 5, 2012 order of this court gave plaintiff forty-five days, until December 20, 2012, to provide the names of the three John Doe defendants, as well as to provide three copies of the complaint and attachments, so that service could be made upon the three defendants. Plaintiff has failed to comply with the court's order, so dismissal of the three John Doe defendants without prejudice is appropriate.

As the dismissal of the three remaining John Doe defendants leaves no defendants remaining in the matter, the court will also dismiss the complaint.

WHEREFORE, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration [DOC. 7] is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as to the three remaining John Doe defendants.

Plaintiff's motion to appoint counsel [DOC. 8] is DENIED AS MOOT.

The complaint is DISMISSED. This case is CLOSED.

So ordered.

Dated: March 11, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 11, 2013, by electronic and/or ordinary mail and also on David Haney #209628, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

s/Barbara Radke
Deputy Clerk